**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Dominik Dobija and Abel Demissie,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 25 C 14118** |
| **v.** | ) | |
| | ) | **Judge Jorge Alonso** |
| **Accucom Corporation d/b/a Infotracer,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Defendant's motion to dismiss [9] is granted. This case is dismissed with prejudice for failure to state a claim. Civil case terminated.

**STATEMENT**

Plaintiffs, Dominik Dobija and Abel Demissie, bring this putative class action against Defendant Accucom Corp., d/b/a Infotracer, claiming that Defendant violated the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq*., by using the names and/or likenesses of Plaintiffs and similarly situated individuals in promoting its services. Defendant moves to dismiss, arguing that Plaintiffs' claims are barred by the applicable statute of limitations. For the following reasons, the Court grants Defendant's motion.

## I. Background and Procedural History

Defendant sells background reports on its website at https://infotracer.com. Upon accessing the website, a prospective user will find a search bar, where he may enter a first and last name, which generates a list of search results. The results are limited free previews of background reports on individuals who go by the first and last name entered by the user. Each preview includes information such as the individual's name, age, city of residence, state of residence, the names of

certain relatives, and other such identifying details. Plaintiffs allege that Defendant offers these free previews to advertise its subscription service, which allows subscribers to access full background reports. According to Plaintiffs, Defendant's use of their identifying information in its promotional previews violates IRPA.

In their complaint, Plaintiffs use a screenshot of one of Defendant's free previews to illustrate their claims. The name shown in the screenshot, however, does not belong to either Plaintiff. The name shown is "Marilyn Azuz." Ms. Azuz was the plaintiff in a similar putative class-action suit, *Azuz v. Accucom Corp.*, Case No. 21 C 1182 ("*Azuz*," or "the *Azuz* action"), in which one of her lawyers, Philip Fraietta, was the same counsel who represents Plaintiffs.

*Azuz* was dismissed for lack of standing. The suit began to unravel for Ms. Azuz in March 2024, during discovery, when Defendant informed Mr. Fraietta that its investigation showed that the Infotracer website had never returned any search results that included Ms. Azuz's name, except in response to searches executed either by Ms. Azuz's counsel in preparation for this litigation, or by representatives of Defendant who were investigating her claims. (*Azuz*, Pl.'s Mot. for Leave to Amend, Fraietta Decl. ¶ 2, Dkt. No. 101-2; *see also Azuz*, Def. Stmt. of Facts ¶¶ 22-24, Dkt. No. 136.) Defendant further informed Mr. Fraietta that it intended to ask Ms. Azuz additional questions at her deposition to support a dispositive motion on this issue. As a result of this conversation, on March 25, 2024, Mr. Fraietta filed a motion for leave to file an amended complaint, seeking to substitute Plaintiffs, both of whom were members of the *Azuz* putative class, for Ms. Azuz as new named plaintiffs. (*See Azuz,* Pl.'s Mot. for Leave to Amend ¶ 7 (citing *In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 615 (7th Cir. 2020) (explaining that timely filing of putative class action tolls statute of limitations for absent class members, who may become named plaintiffs and class representatives by way of an amended complaint)).) The parties briefed the motion, and, after

hearing argument, the court denied it as premature, reasoning that, under *Walters v. Edgar* 163 F.3d 430, 432 (7th Cir. 1998), Plaintiffs could not replace Ms. Azuz as the named plaintiffs if Ms. Azuz lacked standing, and more discovery might aid in determining whether she lacked standing. (*Azuz*, Apr. 24, 2024 Hr'g Tr. 26:18-22, 32:15-34:8, Dkt. No. 122.) Ms. Azuz was subsequently deposed, and she revealed that she became involved in this suit by responding to a solicitation posted on Facebook by one of her lawyers, without having ever personally searched Defendant's website or seen her name displayed there.

After discovery closed, in June 2024, Plaintiffs filed a motion to intervene. Three days later, Defendant filed a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), contending that Ms. Azuz lacked standing. On October 2, 2025, the court granted Defendant's motion to dismiss and denied the motion to intervene as moot.

In its ruling, the court explained that Ms. Azuz had never suffered any injury-in-fact because she was not aware of any occasion on which Defendant had ever displayed her name on its website except in response to a search her attorney executed in preparation for litigation. *Azuz*, 2025 WL 2807653, at *5-6 (N.D. Ill. Oct. 2, 2025), Dkt. No. 164 (citing *Fry v. Ancestry.com Operations Inc.*, No. 3:22-CV-140, 2023 WL 2631387, at *5-6 (N.D. Ind. Mar. 24, 2023) (explaining, in the context of a similar claim under Indiana law, that "[i]t will not suffice if the advertising occurred only to [the plaintiff's] attorneys for the purpose of litigation, as that defies all logic") and *TransUnion LLC v. Ramirez*, 594 U.S. 413, 434 (2021)); *see Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 866 (6th Cir. 2020) (explaining that a purported plaintiff "lacks standing" for "a self-inflicted injury"), *cited in Fry*, 2023 WL 2631387, at *5; *Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc. v. Gonzales*, 468 F.3d 826, 831 (D.C. Cir. 2006) ("[S]elf-inflicted harm doesn't satisfy the basic requirements for standing."). Therefore, Ms. Azuz lacked standing.

Further, the court explained, it could not substitute Plaintiffs for Ms. Azuz, under these circumstances. "Because the Court never attained federal jurisdiction over any of [Ms. Azuz's] claims in her Complaint, no case or controversy existed then or now for new named plaintiffs to step into and litigate." *Azuz*, 2025 WL 2807653, at *7 (citing *Walters*, 163 F.3d at 432). The court dismissed the case for lack of jurisdiction, and Plaintiffs filed this suit six weeks later, on November 18, 2025.

## II. Legal Standards

"A motion under [Federal] Rule [of Civil Procedure] 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In evaluating a Rule 12(b)(6) motion, the Court may consider, "in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). "Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a

claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *see Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

The Illinois Right of Publicity Act prohibits the "use [of] an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent." 765 ILCS 1075/30. IRPA claims are governed by the one-year statute of limitations set forth in 735 ILCS 5/13-201. *See Giovannelli v. Walmart Inc.*, 164 F.4th 1052, 1055 (7th Cir. 2026) (citing *Blair v. Nevada Landing P'ship*, 859 N.E.2d 1188, 1195-96 (Ill. App. Ct. 2006)). Because this case is before the Court based on diversity of citizenship under 28 U.S.C. § 1332(d)(2), the Court applies state substantive law, including the statute of limitations and any related tolling rules. *See McMahan v. Deutsche Bank AG*, 892 F.3d 926, 933 (7th Cir. 2018); *see also Chardon v. Fumero Soto*, 462 U.S. 650, 661 (1983).

## III. Discussion

Defendant argues that Plaintiffs' claims are time-barred because the one-year statute of limitations began to run no later than March 25, 2024, when Plaintiffs sought leave to substitute for Ms. Azuz in the *Azuz* action, more than a year before this case was filed in November 2025. Defendant recognizes that, generally, in federal cases, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974). However, Defendant argues, "there is an exception to this general rule if the original named plaintiff lacked standing to bring the suit, which is the case here." *See Hudgins v. Bd. of Educ. of City of Chicago*, No. 23 C 218, 2023 WL 4303004, at *5 (N.D. Ill. June 30, 2023) (citing *Walters*, 163 F.3d at 433).

In *Walters v. Edgar*, the Seventh Circuit explained that, if the named plaintiffs in a putative class action suit "never had standing," then "federal jurisdiction never attached," and "no other party plaintiffs [can] step into the breach created by the named plaintiffs' lack of standing" by way of substitution or intervention, as there is "no case" to step into, regardless of when the parties or the court realized it. 163 F.3d at 432-33. The Seventh Circuit recognized that this rule may cause harsh results, but that is why parties should seek a class certification decision soon after the filing of a putative class action, when problems with the class representative might be resolved before the expiration of the statute-of-limitations period. *Id.* at 433 (citing Fed. R. Civ. P. 23(c)(1)). It follows from *Walters*, district courts have reasoned, that a suit that was filed without standing does not toll the statute of limitations under *American Pipe*. *See Hudgins*, 2023 WL 4303004, at *5; *see also In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*., No. 9 CV 3690, 2015 WL 3988488, at *28 (N.D. Ill. June 29, 2015); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 934 F. Supp. 2d 1219, 1230 (C.D. Cal. 2013); *In re Direxion Shares ETF Tr.*, 279 F.R.D. 221, 237 (S.D.N.Y. 2012); *Palmer v. Stassinos*, 236 F.R.D. 460, 465 (N.D. Cal. 2006).

Plaintiffs respond that neither *American Pipe* nor *Walters* strictly applies because this case is governed by Illinois law, which requires a slightly different approach. Illinois has adopted the *American Pipe* tolling rule, *Steinberg v. Chicago Med. Sch.*, 371 N.E.2d 634, 645 (Ill. 1977), but there, Plaintiffs argue, the similarities end. In *Hess v. I.R.E. Real Estate Income Fund, Ltd.*, 629 N.E.2d 520, 532 (Ill. App. Ct. 1993), the Illinois Appellate Court stated that there was no *per se* rule holding that the dismissal of a suit for lack of standing always nullifies the suit's tolling effect; instead, "each case should be decided on a case by case basis" by "weigh[ing] the interests that will be served by the application of the tolling rule against the potential for abuse." *Id.* The court concluded that the earlier class action suit in *Hess* did not toll the statute of limitations because the

original plaintiff's "lack of standing . . . was apparent on the face of her complaint." *Id.* at 533. However, the court also suggested that, if the original plaintiff's lack of standing had not become apparent until after class certification, then tolling might have been appropriate, to the extent that "the absent plaintiffs relied upon the previously certified class to protect their rights." *Id.* at 533-34 (comparing *Cunningham v. Ins. Co. of N. Am.*, 530 A.2d 407, 411 (Pa. 1987), with *Haas v. Pittsburgh Nat. Bank*, 526 F.2d 1083, 1097-98 (3d Cir. 1975)). Plaintiffs argue that, under *Hess* and cases interpreting it, the statute of limitations was tolled here because it was not clear on the face of the complaint that Ms. Azuz lacked standing.

But in *Hess*, it *was* clear on the face of the complaint that the original plaintiff lacked standing, and "the initial Hess class action was never certified," *id.* at 533, so the portion of the case that Plaintiffs rely on is arguably *dicta*. And, regardless, to whatever extent *Hess* and *Walters* diverge, this Court is bound to follow *Walters*. *See In re Ethiopian Airlines Flight ET 302 Crash*, No. 19 C 2170, 2025 WL 885837, at *6 (N.D. Ill. Mar. 21, 2025) (explaining that "where a state appellate court decision disagrees with a Seventh Circuit ruling, the Seventh Circuit ruling remains binding on a federal district court," citing *Luna v. United States*, 454 F.3d 631, 636 (7th Cir. 2006), and *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004)). Plaintiffs emphasize that state law governs this case,[1] but, in fact, there is no relevant distinction between

[1] In reply, Defendant argues that this line of argument raises another problem. Some district courts have reasoned that claims such as Plaintiffs' are not tolled because "the Illinois Supreme Court has specifically held," in *Portwood v. Ford Motor Co.*, 701 N.E.2d 1102, 1104 (Ill. 1998), "that the pendency of a federal class action does not toll an individual's claims under Illinois law." *Yanahan v. Wells Fargo Bank, N.A.*, No. 24-CV-01042, 2025 WL 606847, at *3 (N.D. Ill. Feb. 25, 2025); *see also Ottaviano v. Home Depot, Inc., USA*, 701 F. Supp. 2d 1005, 1012 (N.D. Ill. 2010). There is some force in this argument. While these federal-court decisions recognize that the rationale for the *Portwood* rule is attenuated when both actions are filed in the same court system, they also recognize that *Portwood*'s holding—an "Illinois statute of limitations is not tolled during the pendency of a class action in federal court," 701 N.E.2d at 1105—is broadly phrased. *See Ottaviano*, 701 F. Supp. 2d at 1012 ("Regardless of the fact that [the rationale of *Portwood* applies

this case and *Walters* in that regard. True, *Walters* concerned federal claims for violations of the plaintiffs' constitutional rights under 42 U.S.C. § 1983, but § 1983 borrows the statute of limitations in the state where the cause of action arose. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). And "when a federal court borrows a state's limitations period, it also borrows the state's tolling rules." *Smith v. City of Chicago Heights*, 951 F.2d 834, 840 (7th Cir. 1992). *Walters* was initially brought in an Illinois district court, and all the same principles of Illinois law that Plaintiffs cite would have been equally applicable there, too. *Walters* is binding on this Court to the same extent that it would be if Plaintiffs had brought § 1983 claims.

*Walters* held that, if a suit is "properly dismissed for want of standing" because the plaintiff "lacked standing when [she] filed the suit, rather than losing standing after the class was certified," then that suit is "doom[ed]," regardless of whether another class representative with standing might be found. *Id.* at 437. It follows that the filing of a putative class action by a named plaintiff who lacks standing does not toll the statute of limitations for other putative class members who subsequently file separate actions. *See Hudgins*, 2023 WL 4303004, at *5, *Palmer*, 236 F.R.D. at 465-66.

---

with less force when both actions are filed in federal court,] the Illinois Supreme Court's interpretation of Illinois law stands."); *see also Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1017 (C.D. Cal. 2011) (citing *Ottaviano* in interpreting a similar rule of California law in similar circumstances). Most federal district courts to consider the issue have concluded that *Portwood* does not apply if both actions were filed in the federal court system, such that there is no "cross-jurisdictional" element to them. *See Rowe v. Papa John's Int'l, Inc.*, No. 23-CV-2082, 2024 WL 3925411, at *9 (N.D. Ill. Aug. 23, 2024) (citing cases). The Court is not entirely convinced by the latter decisions, which seem to read into *Portwood* a limitation that the Illinois Supreme Court did not express. *Cf. United States v. Segal*, 644 F.3d 364, 367 (7th Cir. 2011); *City of Chicago v. Shalala*, 189 F.3d 598, 604 (7th Cir. 1999); *Centaur Classic*, 878 F. Supp. 2d at 1016-17. But the issue has not been fully briefed, as it was raised only in Defendant's reply, and the Court need not reach it because, even if *Portwood* applies, *Walters* leads to the same result.

Ms. Azuz lacked standing to file the *Azuz* action because she never suffered any injury-in-fact. Therefore, under *Walters*, the *Azuz* action did not toll the statute of limitations for Plaintiffs. The one-year statute of limitations period began running no later than March 25, 2024, when Plaintiffs sought to join in the *Azuz* action. Because they filed this suit in November 2025, more than one year later, their claims are time-barred. Defendant's motion to dismiss for failure to state a claim is granted. This case is closed.

**SO ORDERED.** **ENTERED: August 18, 2026**

**HON. JORGE ALONSO**
**United States District Judge**